IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON LEE MAIN,<br><br>Defendant. | CR 20-79-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Brandon Lee Main (Main) has been accused of violating the conditions of his supervised release. Main admitted the alleged violation. Main's supervised release should be revoked. Main should be placed in custody for 4 months, with 27 months of supervised release to follow. Main should serve the first 4 months of supervised release under home confinement. Main should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

## II. Status

Main pleaded guilty to Possession with Intent to Distribute Methamphetamine on April 14, 2022. (Doc. 33). The Court sentenced Main to 24 months of custody, followed by 3 years of supervised release. (Doc. 43). Main's

current term of supervised release began on January 28, 2022. (Doc. 52 at 2).

**Petition**

The United States Probation Office filed a Petition on June 13, 2022, requesting that the Court revoke Main's supervised release. (Doc. 52). The Petition alleges that Main violated the conditions of his supervised release by failing to complete his 180-day term at the Great Residential Re-entry Center. (Doc. 52 at 1).

**Initial appearance**

Main appeared before the undersigned for his initial appearance on June 21, 2022. Main was represented by counsel. Main stated that he had read the petition and that he understood the allegations. Main waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 10-52-M-BMM-JTJ on June 21, 2022. Main admitted that he had violated the conditions of his supervised release by failing to complete his 180-day term at the Great Residential Re-entry Center. The violation is serious and warrants revocation of Main's supervised release.

Main's violation is a Grade C violation. Main's criminal history category is VI. Main's underlying offense is a Class C felony. Main could be incarcerated for up to 24 months. Main could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.  Analysis

Main's supervised release should be revoked. Main should be placed in custody for 4 months, with 27 months of supervised release to follow. Main should serve the first 4 months of supervised release under home confinement. Main should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Main that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Main of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Main that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Brandon Lee Main violated the conditions of his supervised release by failing to complete his 180-day term at the Great Residential Re-entry Center.

The Court **RECOMMENDS:**

That the District Court revoke Main's supervised release and commit Main to the custody of the United States Bureau of Prisons for 4 months, with 27 months of supervised release to follow. Main should serve the first 4 months of supervised release under home confinement. Main should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 10-52-M-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

DATED this 22nd day of June, 2022.

John Johnston
United States Magistrate Judge